# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CASE NO.  3:24-CV-00326-FDW-SCR

| | | |
|---|---|---|
| **DAVID SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **TRANSUNION LLC, AND** | ) | |
| **STENGER & STENGER P.C.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court sua sponte following the filing of Defendants' Motion to Dismiss, (Doc. No. 4).  Defendant Transunion seeks dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) (per curiam), Plaintiff, who is not represented by counsel, has the right to respond to Defendants' motion.[1]  The Court also advises Plaintiff that failure to respond may result in dismissal of the complaint or judgment entered in favor of Defendant Transunion.

Plaintiff has already responded to the instant motion; however, in light of this Notice, the Court will allow Plaintiff additional time to supplement his response no later than July 19, 2024. Defendant may file a reply in accordance with the Local Rules for the Western District of North Carolina and the standing orders of this Court.

---

[1] The Fourth Circuit did not hold in Roseboro that such notice is required for motions to dismiss.  Rather, the Fourth Circuit's discussion in Roseboro regarding notice was directed to summary judgment motions.  See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam) ("We agree with the plaintiff, however, that there is another side to the coin which requires that the plaintiff be advised of his right to file counter affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him."); see also Norman v. Taylor, 25 F.3d 1259, 1261 n.1 (4th Cir. 1994) (en banc), abrogated on other grounds by Wilkins v. Gaddy, 559 U.S. 34 (2010) ("In Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), this circuit held that pro se plaintiffs must be advised that their failure to file responsive material when a defendant moves for summary judgment may well result in entry of summary judgment against them."). Nevertheless, courts routinely issue Roseboro notices for motions to dismiss, and the Court does so here.

**Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**

Defendant move to dismiss the Complaint for failure to state a claim for relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff must show in her response to the motion that the complaint contains sufficient allegations to support a cause of action against each Defendant.

In order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. at 556). While the Court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F. 3d 175, 180 (4th Cir. 2000). A court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted).

**Deadlines for Plaintiff and Defendant to File Pleadings**

Plaintiff is advised that he has until July 19, 2024, to file any response and any supporting exhibits, affidavits, or sworn statements, to Defendant's motion in light of the above standards. Plaintiffs should not refile any materials already submitted to the Court, and his response must be properly served on Defendant Transunion and include a certificate of service indicating the manner in which he served Defendant. Defendant is permitted to reply once Plaintiff files his supplemental

response.  Plaintiff's failure to respond to Defendant's Motion to Dismiss may result in Defendant Transunion being granted the relief it seeks, that is dismissal of the complaint.

Counsel for Defendant Transunion is directed to familiarize themselves with this Court's standing orders, which provide that motions made pursuant to Federal Rule of Civil Procedure 12(b)(6) do not presumptively toll the time required to plead an answer, counterclaims, and/or third-party complaint.  (Initial Scheduling Order, 3:07-MC-47, Doc. No. 21; also linked on the docket entry for this case on March 20, 2024.).  The Court hereby sua sponte extends the time for Defendant Transunion to file an answer and directs an answer to be filed within seven (7) days of this Order.

### Proof of Service on Other Defendant

Plaintiff, who appears pro se, filed his Complaint (Doc. No. 1) on March 20, 2024.  On the same day, the Clerk issued Summons and the Court entered an order advising Plaintiff of the responsibility for serving summons and the Complaint within 90 days.  More than 90 days have elapsed, and Plaintiff has not provided proof of service on Defendant Stenger & Stenger.

"[A] district court possesses the 'inherent power' to dismiss a case *sua sponte* for failure to prosecute[.] . . . [S]uch authority derives from 'the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Eriline Co., S.A. v. Johnson, 440 F.3d 648, 654 (4th Cir. 2006) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)).  Furthermore, "[A]side from the interests of the individual parties in a lawsuit, a district court has an important interest in keeping its docket from becoming clogged with dormant cases . . . ." Erline Co., 440 F.3d at 654.

Rule 4(m) of the Federal Rules of Civil Procedure requires service to occur within 90 days after a complaint is filed.  Over 90 days have elapsed since Plaintiff's Complaint was filed, and

Plaintiff has failed to provide proof of service. While "failure to prove service does not affect the validity of service," FED. R. CIV. P. 4(1)(3), without proof of service, the Court can only conclude that service has not taken place. Absent a showing of good cause, failure to serve a defendant within this time frame permits the Court to "dismiss the action without prejudice against that defendant . . . ." FED. R. CIV. P. 4(m). Rule 41(b) of the Federal Rules of Civil Procedure also permits an involuntary dismissal for failure to prosecute a case.

Accordingly, Plaintiff is hereby ORDERED to show cause by July 19, 2024, why service was not completed within the required time limit, or, if Defendant Stenger & Stenger has been served, to provide an affidavit of service within that time and an appropriate motion for entry of default under the Federal Rules of Civil Procedure. Plaintiff may also file a motion to extend the time for service, and that motion must be supported by good cause for extending time.

### Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff may supplement his response to Defendant's Motion to Dismiss (Doc. No. 4) on or before July 19, 2024. Failure to file a timely and persuasive response in accordance with the principles explained above could lead to the dismissal of Plaintiff's lawsuit against Defendant Transunion.

**IT IS FURTHER ORDERED** that Defendant Transunion must file an Answer no later than July 3, 2024.

**IT IS FURTHER ORDERED** that Plaintiff must provide proof of service as to Defendant Stenger & Stenger, P.C. or otherwise file a motion to extend time for service supported by good cause. **<u>Failure to provide proof of service or failure to provide good cause for extending time for service will result in dismissal of the Complaint against Stenger & Stenger.</u>**

4

**IT IS FURTHER ORDERED** that the Clerk is respectfully DIRECTED to send a copy of this Notice and Order to Plaintiff's address of record.

**IT IS SO ORDERED.**

Frank D. Whitney
United States District Judge